RCO HAWAII, LLLC
DEREK WONG #4155
900 FORT STREET MALL, SUITE 800
HONOLULU, HI 96813
PHONE: (808) 532-0090
FAX: (808) 524-0092
dwong@rcolegal.com

Attorneys for Creditor
Federal National Mortgage Association, a
congressionally chartered corporation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:<br><br>EMIL WOLFGRAMM<br><br><br>DEBTORS. | CASE NO.: 12-00570<br>CHAPTER 13<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW RE FEDERAL NATIONAL MORTGAGE ASSOCIATION, A CONGRESSIONALLY CHARTERED CORPORATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY<br><br>Hearing Date: June 27, 2012<br>Hearing Time: 1:30 p.m.<br>Honorable Lloyd King<br><br>[Related Docket No. 21] |

Federal National Mortgage Association, a congressionally chartered corporation ("Creditor"), filed its Motion for Relief from Automatic Stay on June 1, 2012 (the "Motion"). The Motion came on for hearing on ~~January~~ June 27, 2012, at 1:30 p.m. before the Honorable Lloyd King.

Derek Wong appeared for Creditor. No other party appeared at the hearing on the Motion.

Based on the evidence presented and finding good cause therefor, the Court determines that the provisions of 11 U.S.C. §362 have been met and that **in rem** relief

Page - 1

from the automatic stay is appropriate. Based upon the evidence, the Court hereby issues the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On September 15, 2010, a Mortgagee's Affidavit of Foreclosure Under Power of Sale ("Affidavit") was recorded under the State of Hawaii Bureau of Conveyances as Document No. 2010-136542 relating to the foreclosure of property located at 48-162 Waiahole Valley Road, Kaneohe, HI 96744 ("Subject Property").

2. On September 24, 2010, a Mortgagee's Quitclaim Deed Pursuant to Power of Sale ("Deed") was recorded under the State of Hawaii Bureau of Conveyances as Document No. 2010-142832 relating to the Subject Property.

3. On March 15, 2011, Debtor's wife, Momi Leslie Wolfgramm filed for protection under Chapter 13 of Title 11 of the United States Code in case no. 11-00684. An Order Granting Motion for Relief from Automatic Stay was filed on April 14, 2011 in favor of Creditor regarding the Subject Property. This case was dismissed on July 17, 2011.

4. On June 21, 2011, Debtor filed for protection under Chapter 13 of Title 11 of the United States Code in case no. 11-01749. On July 8, 2011, Creditor filed its Motion for Relief regarding the Subject Property. On July 28, 2011, this case was dismissed with 180 day bar to refile.

5. On October 7, 2011, Debtor's wife, Momi Leslie Wolfgramm filed for protection under Chapter 13 of Title 11 of the United States Code in case no. 11-02682. On November 4, 2011, Creditor filed its Motion for Relief regarding the Subject Property. On November 7, 2011, this case was dismissed with 180 day bar to refile.

U.S. Bankruptcy Court - Hawaii #12-00570 Dkt # 37 Filed 07/17/12 Page 2 of 4

6. On November 15, 2011, a Judgment for Possession and a Writ of Possession were filed in the District Court of the First Circuit, Koolaupoko Division as to Momi Leslie Wolfgramm and Emil Wolfgramm.

7. On February 24, 2012, Momi Leslie Wolfgramm and Emil Wolfgramm were evicted from the Subject Property, as evidenced by the executed Writ of Possession.

8. On March 16, 2012, Debtor filed for protection under Chapter 13 of Title 11 of the United States Code in this case no. 12-00570.

9. On June 1, 2012, Creditor filed its **in rem** Motion for Relief from Automatic Stay. No objection was filed by Debtor.

10. On June 20, 2012, a Motion to Take Action ("Opposition") was filed by Raymond Kamaka and Stanley Kamaka (jointly "Kamaka"). *Kamaka appeared at the hearing, but was not allowed to argue against the motion.*

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter.

2. 11 U.S.C. § 362(d)(4) provides, in pertinent part:

   (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section such as by terminating, annulling, modifying, or conditioning such stay –

   (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—

Page - 3

(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

(B) multiple bankruptcy filings affecting such real property.

This Court, pursuant to its Findings of Fact set forth above, finds that Debtor's bankruptcy filings was part of a scheme, the object and purpose of which was to delay, hinder, or defraud Creditor as evidenced by the multiple bankruptcy filings by Debtor and/or his spouse, Momi Leslie Wolfgramm that affected the Subject Property. Accordingly, **in rem** relief from the automatic stay is appropriate.

3. The recording of the Mortgagees Affidavit divests any interest of the debtor or estate. In re Hoopai, Hawaii Bankruptcy, Case 04-02511 (January 12, 2005). A Creditor holding a duly recorded deed is the presumptive current record owner of property that has colorable claim to enforce rights against the property, and standing to move for relief from automatic stay, to evict or eject debtor(s) from the property. Edwards v. Wells Fargo Bank, N.A. (In re Edwards), 454 B.R. 100 (B.A.P. 9th Cir. 2011).

4. The Opposition filed by Kamaka is not relevant or germane to the Motion or Debtor's bankruptcy case and is denied. The Kamaka's are not listed a creditors and do not have an interest in the Subject Property nor are parties to the case. Furthermore, the automatic stay only protects the Debtor and Co-Debtor, and not other persons and parties. Any issues contained in the Opposition may be addressed outside this Bankruptcy Court.

~~Entered by the Court:~~

/s/ Lloyd King                                JUL 1 6 2012
United States Bankruptcy Judge